NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014[*]
Decided April 10, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3794

| | |
|---|---|
| JOHN DONNELLY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 C 3154 |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | Young B. Kim, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

## O R D E R

John Donnelly appeals the district court's judgment upholding the Social Security Administration's denial of his request to obtain back payments for retirement- and widower's-insurance benefits. He maintains that agency employees misinformed

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

him about his eligibility for those benefits and as a result he delayed filing his application. *See* 42 U.S.C. § 402(a), (f), (j)(5); 20 C.F.R. § 404.633(a), (c). We affirm.

In 1993 Donnelly applied for and received a lump-sum death benefit of $225 following his wife's death. He says that in 2003 he went to a local SSA district office to inquire about his eligibility for widower's-insurance benefits, but an employee told him he was ineligible for such benefits because his wife had been employed by a religious school where she did not accrue social-security benefits. Nonetheless, Donnelly says that he filed an application for the benefits (dated March 2004) that the agency misplaced. Donnelly returned to the office in 2005 and says he was again given misinformation—this time an employee told him he was ineligible at age 62 to apply for early retirement-insurance benefits and would have to wait until he was 65 or 66. Donnelly adds that he filed an application for these benefits (dated March 2006) that the agency also misplaced. In 2008 he went to another local SSA district office to apply for Medicare and retirement-insurance benefits (which he promptly received), informed the staff about his previous applications and misinformation, and at their recommendation submitted a request for reconsideration seeking back payments for the retirement- and widower's-insurance benefits about which, he says, SSA employees had misinformed him in 2003 and 2005.

Under 42 U.S.C. § 402(j)(5), the Commissioner may backdate an application for benefits if an applicant is misinformed by SSA employees about his or her eligibility to receive benefits. *See Costello v. Astrue*, 499 F.3d 648, 650 (7th Cir. 2009). To establish that one was misinformed an applicant should produce "preferred evidence" that documents the misinformation, including a letter or records of a telephone call or in-person contact with the agency. 20 C.F.R. § 404.633(c), (d)(1)–(2).

In 2009 the agency's district manager denied Donnelly's request for reconsideration and back payments based on misinformation. The district manager gave several reasons for disbelieving Donnelly's assertion that he had been misled in 2003 and 2005: discrepancies in the office locations Donnelly claimed to have visited; discrepancies among Donnelly's statements about whether he had telephoned the SSA office or visited in person; and questions about the accuracy of the dates furnished by Donnelly for when he had filled out his application forms for benefits.

An ALJ held a hearing and determined that Donnelly was not entitled to widower's-insurance benefits or back payment of retirement-insurance benefits. The "bottom line" in the case, according to the ALJ, was that Donnelly produced no

evidence beyond his own assertion that he had been misinformed by the SSA in 2003 and 2005 or that he timely submitted applications for widower's-insurance benefits in 2004 or retirement-insurance benefits in 2006. The ALJ explained that Donnelly's handwritten applications lacked objective corroboration of when they were prepared; that the bulk of the documents Donnelly submitted were repetitive, accusatory, and unsupportive; and that without any proof that his applications were ever mailed or received by the SSA, all that was left was an "improbable story" that Donnelly was repeatedly misled despite having timely pursued benefits to which he would have been entitled.

Donnelly sought judicial review, and the district court upheld the agency's decision. A magistrate judge, proceeding with the parties' consent, determined that the ALJ properly explained that Donnelly failed to submit sufficient evidence to corroborate his assertions that he had been misled by SSA employees, and that the ALJ's decision was supported by substantial evidence. The magistrate judge also rejected Donnelly's claim that the ALJ violated his duty to develop an administrative record by adjourning the hearing and then failing to reconvene it, as the ALJ said he would. The magistrate judge acknowledged that the ALJ's not following through on his assurance to continue the hearing was problematic but found that Donnelly did not explain how he was prejudiced by that failure. In the magistrate judge's view, Donnelly had been given ample opportunity to develop his argument in detail and it was "mere conjecture" that the additional testimony he sought to add would have changed the ALJ's decision.

On appeal Donnelly primarily contests the ALJ's determination that he did not meet his burden of proof to establish that he was misinformed by SSA employees about his eligibility for benefits. He argues that the ALJ wrongfully discounted the probative value of his testimony and drew improper inferences from the lack of telephone records documenting his contact with the agency before 2008.

Substantial evidence supports the ALJ's finding that Donnelly was not given misinformation by SSA employees in 2003 and 2005 about his eligibility for widower's-insurance benefits or early retirement-insurance benefits. The ALJ found that Donnelly had submitted primarily his own statements to support his claim of misinformation, but the agency may not base a finding that misinformation was given upon only a claimant's statements. 20 C.F.R. § 404.633(d)(2) ("We will not find that we gave you misinformation, however, based solely on your statements."). Donnelly claims that the ALJ disregarded his handwritten applications and testimony about the misinformation that he received, but the ALJ in his ruling specifically acknowledged Donnelly's

testimony but disbelieved it, noting that Donnelly's first application (purportedly from 2004) lacked "objective corroboration as to when it was actually created and as to whether it was actually ever mailed" and the second (purportedly from 2006) suffered "evidentiary problems for the same reasons." *See, e.g., Long v. Shalala*, 21 F.3d 206, 208–09 (8th Cir. 1994) (evidence, though conflicting, supported finding that claimant did not receive misinformation from agency employees about eligibility for benefits). Donnelly also argues that the ALJ overemphasized the lack of records showing his contacts with the agency before 2008, but the ALJ's ruling was supported by substantial evidence because Donnelly did not corroborate his claim with any evidence of his own. *See* 20 C.F.R. § 404.633(d)(1)(ii).

Donnelly next renews his argument that the ALJ failed to develop the record and maintains that he needed more time at his hearing so that he could call two witnesses (apparently his sister and daughter) to corroborate his testimony that he mailed his applications to the Social Security office in a timely manner in 2004 and 2006. The ALJ's mishandling of the hearing—his failure to reconvene it after assuring Donnelly that he would—is regrettable, but Donnelly has not shown how he was prejudiced by the omission of the testimony he sought to add. *See Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997). He never offered these statements to the Appeals Council or to the district court (where he was represented by court-recruited counsel). And a claimant's conjecture that additional evidence may have been obtained is not enough to show prejudice. *See Schoenfeld v. Apfel*, 237 F.3d 788, 798 (7th Cir. 2001); *Nelson*, 131 F.3d at 1235.

Donnelly finally argues that his proceedings in the district court were prejudiced by attorney misconduct because counsel for the Commissioner initially sought dismissal of his complaint for untimeliness (having been filed more than 60 days after the final decision). Although Donnelly argues that the motion reflected poorly on him, he has not shown that misconduct occurred (the agency withdrew the motion upon learning that the Appeals Council had extended the time in which Donnelly had to file his civil action), or that it prejudiced his case. *See Whiting v. Westray*, 294 F.3d 943, 944 (7th Cir. 2002).

AFFIRMED.